**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

SHANNA SANDUSKY [deceased]                              PLAINTIFF

v.                            NO. 3:25-cv-00207-JM-PSH

SOCIAL SECURITY ADMINISTRATION                         DEFENDANT

## <u>ORDER</u>

The Commissioner of the Social Security Administration ("Commissioner") has filed the pending motion to strike without prejudice the brief filed by plaintiff Shanna Sandusky ("Sandusky"), who is now deceased; to stay this case until a substitute party appears; and to dismiss the case unless a substitute party moves to substitute on or before July 20, 2026. <u>See</u> Docket Entry 13. The motion will be granted. The Court will strike without prejudice Sandusky's brief, with leave to re-file it if a proper party is substituted. This case will be stayed until a substitute party appears, but the substitute party must appear on or before July 20, 2026. If the substitute party does not appear on or before July 20, 2026, the Court will recommend that this case be dismissed.

The record reflects that Sandusky began this case by filing a complaint pursuant to 42 U.S.C. 405(g) with the assistance of attorney Bryan Konoski ("Konoski"). In the complaint, Sandusky challenged the denial of her application for supplemental security income payments pursuant to Title XVI of the Social Security Act.[1] The Administrative Record was subsequently filed. On April 20, 2026, Konoski filed a Suggestion of Death in which he represented that Sandusky died during the pendency of this case. See Docket Entry 11. Three days later, Konoski filed a brief on Sandusky's behalf challenging the findings of the Administrative Law Judge who denied Sandusky's application. See Docket Entry 12. On May 1, 2026, the Commissioner filed the pending motion. In the motion, the Commissioner represented, in large part, the following:

> Under Rule 25(a)(1) of the Federal Rules of Civil Procedure, a substitute party is required to continue this civil action, and the action must be dismissed if a motion for substitution is not made within 90 days after service of the statement noting the death. Fed. R. Civ. P. 25(a)(1). In this action, the substitute party would need to have the ability to receive any underpayment due to ... Sandusky flowing from a favorable decision on her application (or would need to show an alternate basis for Article III standing).

---

[1]     In Sandusky's complaint, she alleged that she applied for, but was denied, disability insurance benefits pursuant to Title II of the Social Security Act "and/or" supplemental security income payments. See Docket Entry 2 at CM/ECF 2. In her subsequently filed brief, she clarified that she had applied for, but been denied, only supplemental security income payments. See Docket Entry 12 at CM/ECF 3.

Where an underpayment under Title XVI of the Act is not paid prior to the beneficiary's death, "[n]o benefits may be paid to the estate of any underpaid recipient, the estate of the surviving spouse, the estate of a parent, or to any survivor other than" a surviving spouse of an adult (or the surviving parent of a minor child or young-adult student) who was living with the deceased claimant at or soon before her death. 20 C.F.R. 416.542(b)(4); *accord* 42 U.S.C. 1383(b)(1)(A). Because it could not receive an underpayment, ... Sandusky's estate would not have a redressable injury-in-fact as required for Article III standing. *Cf*. *Casares v. Kijakazi*, No. 1:21-cv-1506-HBK, 2022 WL 891287 (E.D. Cal. Mar. 25, 2022) (dismissing Title XVI claim as "extinguished" after the unmarried plaintiff died while the civil action was pending). [Footnote in motion: In contrast, a Title II underpayment *can* be paid to the decedent's estate, as well as additional relatives. *See* 20 C.F.R. 404.503(b). Thus, there are more options for continuing the litigation where Title II benefits are involved.] The Commissioner does not know whether a qualifying substitute party exists.

An attorney's authority to conduct litigation for his client generally ends with the client's death, and subsequent filings are generally invalid. *See, e.g., In re Johnson*, 402 B.R. 313, 314 (B.A.P. 8th Cir. 2009); *Parker Stewart, imINDY, LLC v. Plains Com. Bank*, No. 4:25-CV-04007 RAL, 2025 WL 822937, at *1 (D.S.D. Mar. 14, 2025). The Commissioner certainly appreciates why counsel ...—who had just learned of his client's death and was facing a court ordered deadline to file a brief— filed the brief on behalf of ... Sandusky ... *See* ECF Doc. 12. However, the Commissioner respectfully moves to strike the brief with leave to re-file it if a proper party is substituted.

The Commissioner next moves for a stay of these proceedings to expire upon substitution of a proper party and filing of the new party's brief. The Commissioner submits that proceeding with litigation for which dismissal may be required would not promote the effective use of judicial resources. A stay would also promote the interests of other plaintiffs in other SSA cases who are waiting for their cases to be briefed.

Finally, the Commissioner moves for an order dismissing the case on July 20, 2026, unless a substitute party has moved to substitute. That is the 91st day after the date the Suggestion of Death Upon Record was filed (i.e., on April 20, 2026 (ECF Doc. 11)). *See* Fed. R. Civ. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."). Because of the extremely narrow range of potential substitute parties—i.e., only a spouse who was living with ... Sandusky or had recently lived with her would qualify— the Commissioner believes that 90 days should be enough time for ... Sandusky's former counsel to ascertain whether such a party exists, whether they wish to proceed with this litigation, and if so whether they wish to be represented by her former counsel.

See Docket Entry 13 at CM/ECF 1-3. The Commissioner represents that Konoski was provided with a copy of the motion, and Konoski is "not opposed to a stay of the proceedings." See Docket Entry 13 at CM/ECF 3.[2]

For the reasons set forth in the Commissioner's motion, it is granted. The Court strikes without prejudice Sandusky's brief, with leave to re-file it if a proper party is substituted. This case is stayed until a substitute party appears, but the substitute party must appear on or before July 20, 2026. If the substitute party does not appear on or before July 20, 2026, the Court will recommend that this case be dismissed. All existing deadlines in the case are expunged.

---

[2]     Konoski did not file a response to the Commissioner's motion, and the time for doing so has now passed.

IT IS SO ORDERED this 26th day of May, 2026.


_____

UNITED STATES MAGISTRATE JUDGE