**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**


**SHANNA SANDUSKY [deceased]**                                    **PLAINTIFF**


**v.**                        **NO. 3:25-cv-00207-JM-PSH**


**SOCIAL SECURITY ADMINISTRATION**                        **DEFENDANT**


FINDINGS AND RECOMMENDATION


INSTRUCTIONS


The following proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, filed pursuant to Title XVI of the Social Security Act, plaintiff Shanna Sandusky ("Sandusky") challenged the denial of her application for supplemental security income payments. She unfortunately passed away, though, during the pendency of the case. In accordance with Federal Rule of Civil Procedure ("Rule") 25(a)(1), her attorney was given an opportunity to substitute a proper party and given ninety days to do so. A proper, substitute party has failed to appear by the deadline for doing so, and it is now recommended that this case be dismissed.

The record reflects that Sandusky began this case with the assistance of attorney Bryan Konoski ("Konoski"). On April 20, 2026, Konoski filed a Suggestion of Death in which he represented that Sandusky had died during the pendency of the case. Three days later, Konoski filed a brief on Sandusky's behalf. The Commissioner of the Social Security Administration ("Commissioner") then filed a motion to strike Sandusky's brief without prejudice; to stay the case until a proper, substitute party appeared; but to dismiss the case if a proper, substitute party did not appear within ninety days, or by July 20, 2026. In support of the motion, the Commissioner specifically alleged the following:

Under Rule 25(a)(1) ..., a substitute party is required to continue this civil action, and the action must be dismissed if a motion for substitution is not made within 90 days after service of the statement noting the death. ... In this action, the substitute party would need to have the ability to receive any underpayment due to ... Sandusky flowing from a favorable decision on her application (or would need to show an alternate basis for Article III standing).

Where an underpayment under Title XVI of the Act is not paid prior to the beneficiary's death, "[n]o benefits may be paid to the estate of any underpaid recipient, the estate of the surviving spouse, the estate of a parent, or to any survivor other than" a surviving spouse of an adult (or the surviving parent of a minor child or young-adult student) who was living with the deceased claimant at or soon before her death. . 20 C.F.R. 416.542(b)(4); *accord* 42 U.S.C. 1383(b)(1)(A). Because it could not receive an underpayment, ... Sandusky's estate would not have a redressable injury-in-fact as required for Article III standing. *Cf*. *Casares v. Kijakazi*, No. 1:21-cv-1506-HBK, 2022 WL 891287 (E.D. Cal. Mar. 25, 2022) ... [Footnote in motion: In contrast, a Title II underpayment *can* be paid to the decedent's estate, as well as additional relatives. *See* 20 C.F.R. 404.503(b). Thus, there are more options for continuing the litigation where Title II benefits are involved.] The Commissioner does not know whether a qualifying substitute party exists.

An attorney's authority to conduct litigation for his client generally ends with the client's death, and subsequent filings are generally invalid. *See, e.g., In re Johnson*, 402 B.R. 313, 314 (B.A.P. 8th Cir. 2009); *Parker Stewart, imINDY, LLC v. Plains Com. Bank*, No. 4:25-CV-04007 RAL, 2025 WL 822937, at *1 (D.S.D. Mar. 14, 2025). The Commissioner certainly appreciates why counsel ...—who had just learned of his client's death and was facing a court ordered deadline to file a brief— filed the brief on behalf of ... Sandusky ... However, the Commissioner respectfully moves to strike the brief with leave to re-file it if a proper party is substituted.

3

The Commissioner next moves for a stay of these proceedings to expire upon substitution of a proper party and filing of the new party's brief. The Commissioner submits that proceeding with litigation for which dismissal may be required would not promote the effective use of judicial resources. A stay would also promote the interests of other plaintiffs in other SSA cases who are waiting for their cases to be briefed.

Finally, the Commissioner moves for an order dismissing the case on July 20, 2026, unless a substitute party has moved to substitute. That is the 91st day after the date the Suggestion of Death Upon Record was filed (i.e., on April 20, 2026 (ECF Doc. 11)). See Fed. R. Civ. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."). Because of the extremely narrow range of potential substitute parties—i.e., only a spouse who was living with ... Sandusky or had recently lived with her would qualify— the Commissioner believes that 90 days should be enough time for ... Sandusky's former counsel to ascertain whether such a party exists, whether they wish to proceed with this litigation, and if so whether they wish to be represented by her former counsel.

See Docket Entry 13 at CM/ECF 1-3.

The unopposed motion was granted. See Docket Entry 14. Sandusky's brief was struck without prejudice, with leave to re-file it if a proper party appeared. The case was stayed until a proper, substitute party appeared, but the party had ninety days, or until July 20, 2026, to appear. If the substitute party did not appear by July 20, 2026, it would be recommended that this case be dismissed.

July 20, 2026, has now come and gone, and a proper, substitute party has not appeared in this case. In accordance with Rule 25(a)(1) and the Order granting the Commissioner's motion, it is recommended that this case be dismissed. Judgment should be entered for the Commissioner.

DATED this 23rd day of July, 2026.

_____
UNITED STATES MAGISTRATE JUDGE